## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Latausha Simmons,

                 Petitioner,                 Case Number: 24-cv-11454
                                            Honorable Denise Page Hood

v.


Raphael Washington, et al.,

                 Respondent.

_____/

## OPINION AND ORDER (1) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE (ECF 1), (2) DENYING MOTION FOR IMMEDIATE CONSIDERATION AND STAY (ECF 3), AND DENYING A CERTIFICATE OF APPEALABILITY

Latausha Simmons seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and 2254. The Court dismisses the petition without prejudice because consideration of the petition would interfere with ongoing state criminal proceedings and because Simmons has not exhausted her state court remedies. The Court denies Simmons' "motion for immediate consideration for stay of state court proceedings." (ECF No. 3.) The Court also declines to issue a certificate of appealability.

## I. Background

Simmons has been charged in Wayne County Circuit Court with assault with a dangerous weapon, Mich. Comp. Laws § 750.82. A review of the circuit court's

publicly available docket shows that a trial is scheduled for August 12, 2024, and that Simmons is presently released on bond.

Simmons maintains that she is actually innocent of the charges and that her rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments are being violated.

## II. Standard

Upon the filing of a habeas corpus petition, the Court must examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions not filed under § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases.

## III. Discussion

Simmons brings this petition under 28 U.S.C. §§ 2241 and 2254. Because she has not been convicted of any crimes, her claims are appropriately reviewed under the traditional habeas statute, 28 U.S.C. § 2241(c)(3), and not under 28

2

U.S.C. § 2254.  *See Klein v. Leis*, 548 F.3d 425, 430 n. 4 (6th Cir. 2008) ("Because § 2254 applies to those held 'pursuant to the *judgment* of a State court ....' 28 U.S.C. § 2254(b)(1) (emphasis added), a pretrial detainee ordinarily pursues habeas relief under § 2241").

Title 28 U.S.C. § 2241 "establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, [but] the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner."  *Atkins v. People of State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981).   Federal courts should not interfere with pending state criminal proceedings where (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity in the state proceeding to raise constitutional challenges.  *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017).   The Sixth Circuit has recognized three exceptions that permit a federal court to consider a pre-trial habeas petition: the petitioner seeks a speedy trial and available state-court remedies have been exhausted; the petitioner seeks to avoid a second trial on double jeopardy grounds; and the petitioner faces prejudice from retrial based on ineffective assistance of counsel.  *See Hill v. Welsh*, No. 21-1759, 2022 WL 17493380, at *1 (6th Cir. June 24, 2022) (citing *Atkins*, 644 F.2d at 546; *Delk v. Atkinson*, 665 F.2d 90 (6th Cir.

1981); and *Turner v. Tennessee*, 858 F.2d 1201, 1208-09 (6th Cir. 1988), *vacated on other grounds* 492 U.S. 902 (1989)).

Here, the three conditions for abstention are present. First, Simmons has an ongoing state criminal case pending in the Wayne County court. Second, state court criminal proceedings "implicate the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, at *2 (6th Cir. Aug. 31, 2020). Third, state court criminal proceedings provide an adequate opportunity for Simmons to raise her constitutional challenges. Simmons has alleged no facts to show that she is or will be unable to raise constitutional claims in the state court. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Finally, Simmons does not claim to face prejudice from retrial arising from ineffective assistance of counsel. Abstention is therefore appropriate in this case.

Additionally, and alternatively, Simmons fails to show that she has satisfied the exhaustion requirement. A state prisoner must exhaust state court remedies before seeking federal habeas relief. *Atkins*, 644 F.2d at 546. The exhaustion requirement applies to petitions filed by defendants awaiting trial. *Klein v. Leis*,

548 F.3d 425, 429 n.2 (6th Cir. 2008); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-90 (1973) (finding that a § 2241 petitioner was entitled to raise his habeas claim in part because he had "exhausted all available state remedies as a prelude to this action"); *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020) (affirming denial of certificate of appealability for failure to exhaust). A habeas petitioner bears the burden of proving the exhaustion of state court remedies. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Simmons claims she exhausted her claims by filing applications for leave to appeal in the Michigan Court of Appeals and Michigan Supreme Court. She does not identify the claims raised in her applications so she has not met her burden to establish exhaustion for all the claims raised in her petition. In addition, she states that the Michigan Supreme Court denied her application because the application was "not ready to be heard at that state." (ECF No. 1, PageID.65.) Presentation of her claims to the state courts in a procedural context in which the merits were not considered, cannot be considered fairly presented for exhaustion purposes. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

In sum, Simmons fails to allege facts indicating that any of the exceptions to the abstention doctrine apply here or that extraordinary circumstances warrant the Court's intervention in his state criminal case. Moreover, Simmons has not fairly

presented her claims through one complete round of the state's established review process.  This habeas action is therefore premature and must be dismissed.

## IV. Motion for Stay

Simmons asks the Court to stay the state court criminal proceedings pursuant to 28 U.S.C. § 2251 and asks the Court to grant immediate consideration to this motion.  A federal court lacks jurisdiction to issue a stay pursuant to 28 U.S.C. § 2251 when there is no habeas petition pending before that court.  *See Steffen v. Tate*, 39 F.3d 622, 625-26 (6th Cir. 1994).  Because the Court is dismissing the petition and closing this case, there is no habeas petition pending before this Court that would provide it with jurisdiction to issue a stay.  *See, e.g., In re Hill*, 437 F.3d 1080, 1084 (11th Cir. 2006) (court of appeals, having denied convicted capital murder defendant's application for leave to file second or successive habeas petition as untimely, could not entertain defendant's application for stay of execution; court's jurisdiction ended with denial of the application).

## V.  Certificate of Appealability

Before Simmons may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *see also Winburn v. Nagy*, 956 F.3d 909, 911-912 (6th Cir. 2020) (holding that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a § 2241 habeas petition).  A certificate of appealability may issue only if a habeas

petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.* Simmons makes no such showing. Reasonable jurists would not find the Court's holding debatable. A certificate of appealability is denied.

The Court grants Simmons leave to appeal *in forma pauperis* because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion for immediate consideration and for stay of state court proceeding (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma pauperis* on appeal if she chooses to appeal this decision.  28 U.S.C. § 1915(a)(3).

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated:  August 30, 2024

8